UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DONALD DOORNBOS, FRED BAILEY and )
ELIZABETH BLAND, individually and on )
behalf of others similarly situated. )
    Plaintiffs ) CASE NO. 3:05-CV-428
 )
v. ) MATTICE/CARTER
 )
PILOT TRAVEL CENTERS, LLC, a foreign )
corporation, PILOT CORPORATION, d/b/a )
Haslam Oil Company, a foreign corporation, and )
DOES 1-20, inclusive. )
    Defendants )

## REPORT AND RECOMMENDATION

On September 6, 2007, defendant Pilot Travel Centers, LLC moved to compel the depositions of certain opt-in plaintiffs in this FLSA action or, alternatively, to dismiss these particular plaintiffs' claims.[1] [Doc. 46]. For the reasons stated herein, it is RECOMMENDED the defendant's motion to compel depositions or, alternatively, to dismiss be GRANTED in part, DENIED in part, and RESERVED in part.

This is a collective action brought by current and former employees of Pilot Travel Centers, LLC who claim they were improperly classified as salaried exempt employees and not paid overtime as required by the Fair Labor Standards Act (FLSA). In their motion, the defendant states the parties have agreed that defendants will depose eighty-eight randomly selected members of the opt-in plaintiff class. Of these eighty-eight, nineteen opt-in plaintiffs cannot be located by their counsel to arrange for a deposition. A hearing was held on this motion on

---

[1]The defendant's motion stated twenty opt-in plaintiffs were missing, but at the hearing on this motion before the undersigned Magistrate Judge on October 17, 2007, that number was revised to nineteen.

October 17, 2007 during which it came to light that four other opt-in plaintiffs, Kevin Macolley, John Wiseman, Christy Back-Mortenson, and Robert Korecky, have verbally indicated a desire to their counsel to opt-out of this action. They have not, however, provided anything in writing to that effect, and their counsel has had difficulty locating them. At the hearing, defendant orally moved to dismiss these four plaintiffs as well under Rule 41(b) for failure to prosecute.

On October 19, 2007, the undersigned entered an Order giving Kevin Macolley, John Wiseman, Christy Back-Mortenson, and Robert Korecky forty-five days to be deposed by defendant's counsel or show cause why their claims should not be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

On December 3, 2007, plaintiffs informed the Court that Kevin Macolley, John Wiseman, and Christy Back-Mortenson cannot be found despite efforts by plaintiffs' counsel to do so. [Doc. 63]. On the other hand, Mr. Robert Korecky has provided plaintiffs' counsel and defendant's counsel a sworn declaration indicating his continued desire to remain an opt-in plaintiff in this action and indicating that he will cooperate with his counsel and defendants' counsel in scheduling his deposition at a mutually convenient time and location.

Fed. R. Civ. P. 41(b) provides in relevant part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Four factors should be considered when determining whether to dismiss an action or claim for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

2

*Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001); *Knoll v. American Tel. & Tel.*, 176 F.3d 359 (6th Cir.1999). In the instant case, plaintiffs' counsel has been unable to communicate with opt-in plaintiffs Macolley, Wiseman and Back-Mortenson. Opt-in plaintiffs Macolley, Wiseman and Back-Mortenson are at fault because they have either moved and failed to provide their counsel with a forwarding address or they are simply ignoring efforts of counsel to contact them. If the defendant is unable to depose the pool selected, the defendant will be prejudiced in its ability to prepare its defense to the plaintiffs' claims. The show cause order entered by the undersigned on October 19, 2007, gave adequate warning to Macolley, Wiseman and Back-Mortenson that their claims could be dismissed if they failed to participate in discovery. Of course, they did not receive a copy of that order, but they bear the responsibility for any lack of notice. Finally, since missing plaintiffs Macolley, Wiseman and Back-Mortenson are not participating in any way in this case and they have previously expressed a desire to opt-out of this case, the undersigned finds they have abandoned their claims. Accordingly, the undersigned concludes dismissal is appropriate.

On the other hand, because Mr. Korecky has been located and is willing to cooperate in discovery by being deposed and the parties are arranging for the deposition, the undersigned RECOMMENDS that his claim against the defendant not be dismissed.

Therefore, it is RECOMMENDED that the defendant's motion to dismiss [Doc. 46] under Rule 41(b) for failure to prosecute be GRANTED as to opt-in plaintiffs Kevin Macolley, John Wiseman, and Christy Back-Mortenson and DENIED as to opt-in plaintiff Robert Korecky. Defendant's motion to dismiss pursuant to Rule 41(b) is RESERVED as to the following opt-in plaintiffs who have been given until April 19, 2008 in which to appear for a deposition or show

cause why they should not be dismissed from this case: Leslie A. Barnett; John Beeter; Leighton E. Francis; Angela Gail Howell; Rayford Hull; Dawn Johnson; Michael Lambert; Patricia Leach; Linda Macon; Scot May; Robin Ray; Sharon Reynolds; John Smith; Kenneth Smith; Anthony Sullivan; Cynthia Winn; Brenda Smith; Melissa Thompson; Elizabeth Bland.[2]

Dated: February 1, 2008     *s/William B. Mitchell Carter*
                                                          UNITED STATES MAGISTRATE JUDGE

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).