UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

at CHATTANOOGA

| | |
|---|---|
| DONALD DOORNBOS, FRED BAILEY and ELIZABETH BLAND, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>PILOT TRAVEL CENTERS LLC, a foreign corporation, PILOT CORPORATION, dba Haslam Oil Company, a foreign corporation, and DOES 1 – 20, inclusive,<br><br>        Defendants. | Case No. 3:05-CV-00428<br><br>U.S. District Judge Harry S. Mattice, Jr.<br>Magistrate Judge William B. Mitchell Carter |

REPORT AND RECOMMENDATION

On August 12, 2008, Defendants Pilot Travel Centers LLC and Pilot Corporation

(jointly referred to as "Pilot") moved to dismiss 8 opt in Plaintiffs and moved that the

Court compel the depositions of 20 other opt in Plaintiffs and dismiss them if they fail to

appear for their deposition by September 30, 2008, the discovery cutoff date in this

matter. [Doc. 96].  For the reasons stated herein, it is RECOMMENDED that Pilot's

motion to dismiss certain opt-in Plaintiffs and to compel depositions and to dismiss other

opt-in Plaintiffs if they do not appear at their deposition be GRANTED.

This is a collective action brought by current and former employees of Pilot who

allege they were improperly classified as salaried exempt employees and not paid

overtime as required by the Fair Labor Standards Act (FLSA).  In their motion Pilot

states the parties have agreed that Defendants will depose eighty-eight randomly selected members of the opt-in plaintiff class. Of these eighty-eight, there are issues with scheduling 28 depositions that fall into 4 separate categories. In the motion Pilot made the following request of the Court:

1. That it dismiss plaintiffs Anna Bender and Brian Caldrone as they both received notice of two properly noticed depositions and failed to appear on two separate occasions;

2. That it dismiss plaintiffs Christy Back, Richard Knesebeck, Kevin Macolley, Ronald Wilkins, Alberta Ruddick and John Wiseman, as they have communicated to their counsel a desire to be removed from this action and are now apparently refusing to communicate with their counsel;

3. That it dismiss plaintiffs Jay Cooley, Angela Howell and Jacklyn Karst (who previously cancelled two depositions at the last minute) and Tanya Williams, for whom Plaintiff's counsel has contact information but has yet to provide proposed deposition dates, unless they submit to a deposition by September 30, 2008; and

4. That it dismiss 16 plaintiffs (Sherry Bishop, Elizabeth Bland, Leighton Francis, Rayford Hull, Dawn Johnston, Linda Macon, Marty Mason, John Jones, Robin Ray, Judith Velez, Kenneth Smith, Melissa Thompson, Lisa Rickard, David Loudenslager II, Kimberly Reno, and Valerie Pritchett) who based upon Plaintiffs' counsels' representations, cannot be located, unless they submit to a deposition by September 30, 2008. [1]

---

[1] Plaintiff Dawn Johnston was located after Pilot filed its motion.

A hearing was held on this motion on September 5, 2008. Plaintiffs' counsel objected to the dismissal of the 28 individuals that are the subject of the motion.

Fed. R. Civ. P. 41(b) provides in relevant part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Four factors should be considered when determining whether to dismiss an action or claim for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001); *Knoll v. American Tel. & Tel.*, 176 F.3d 359 (6th Cir.1999).

In the instant case there is no dispute that Plaintiffs' counsel has good contact information for Plaintiffs Brian Caldrone, Anna Bender, Christy Back, Richard Knesbeck, Kevin Macolley, Ronald Wilkins, Alberta Ruddick and John Wiseman. It is also undisputed that these individuals have refused to show up for a deposition in this matter even after being informed that they were required to do so or their case would be dismissed.[2] As such there is a showing of willfulness or fault with respect to their failure to be deposed in this matter.

In the instant case there is no dispute that Plaintiffs' counsel has good contact information for Plaintiffs Jay Cooley, Jacklyn Karst, Angela Howell and Tanya Williams. Yet they have refused to or failed to show up for previously scheduled depositions in this matter even after receiving notice that they were required to do so or their case would be

---

[2] On May 13, 2008 Judge Mattice issued an order that Plaintiffs who did not appear for deposition could be dismissed from this matter and required said notice to be sent to the opt-in Plaintiffs in this matter.

dismissed.  As such there is a showing of willfulness or fault with respect to their failure to be deposed in this matter.

In the instant case Pilot argues there is no dispute that Plaintiffs' counsel has sent notice regarding the depositions, and the fact that a plaintiff could be dismissed if she or he failed to give a deposition, to the following opt in Plaintiffs:  Sherry Bishop, Elizabeth Bland, Leighton Francis, Rayford Hull, Dawn Johnston (who has now been located), Linda Macon, Marty Mason, John Jones, Robin Ray, Judith Velez, Kenneth Smith, Melissa Thompson, Lisa Rickard, David Loudenslager II, Kimberly Reno, and Valerie Pritchett.  Plaintiffs argue that Plaintiffs' counsel has repeated attempts to send notice to these individuals in a variety of ways and it is unclear whether the communications have been successful because some letters come back "return to sender," some letters do not come back, and these individuals' answering machines are anonymous and therefore it is unclear that the messages are being left for the correct individual.  Because these individuals have not contacted their counsel and have not returned their counsel's attempted contact, or kept their counsel aware of their current contact information, they have neglected their duties as participants in this litigation.  It is undisputed that Plaintiffs' counsel has now made contact with Plaintiff Dawn Johnston about her deposition.  If all of these individuals are not deposed by September 30, 2008 there will be fault on their part, either because they received the notice and chose to ignore it, or because they have moved and failed to provide their counsel with a forwarding address or new contact information.

The Court finds that if Pilot is not able to depose the randomly selected pool selected for deposition that it will be prejudiced in its ability to prepare for this matter,

including presenting defenses to said Plaintiffs' claims. The Plaintiffs were warned that dismissal was possible due to their failure to participate in a deposition, and any failure to receive that notice is a result of their failure to keep their counsel informed of their current contact information. This Court has heard and considered Plaintiffs' counsel's argument for other alternatives and finds them not viable in light of the fact that almost 2 years has been spent trying to schedule these depositions, and because the Court denied previous motions to dismiss to allow Plaintiffs further opportunity to appear for their depositions.

Therefore, it is RECOMMENDED that Pilot's motion to dismiss under Rule 41(b) for failure to prosecute be GRANTED as to opt-in plaintiffs Brian Caldrone, Anna Bender, Christy Back, Richard Knesbeck, Kevin Macolley, Ronald Wilkins, Alberta Ruddick and John Wiseman. It is further RECOMMENDED that Pilot's motion to dismiss under Rule 41(b) for failure to prosecute be granted as to Plaintiffs Jay Cooley, Angela Howell, Tanya Williams, Jacklyn Karst, Sherry Bishop, Elizabeth Bland, Leighton Francis, Rayford Hull, Dawn Johnston, Linda Macon, Marty Mason, John Jones, Robin Ray, Judith Velez, Kenneth Smith, Melissa Thompson, Lisa Rickard, David

Loudenslager II, Kimberly Reno, and Valerie Pritchett if they do not submit for a

deposition by **September 30, 2008** , the discovery cutoff date in this matter.[4][3]


Dated: September 17, 2008                    s/William B. Mitchell Carter
                                             UNITED STATES MAGISTRATE JUDGE

---

[3]Counsel for both sides were fully apprised of this September 30, 2008 cut-off date to be deposed or dismissed from this lawsuit at the September 5, 2008 hearing before the undersigned Magistrate Judge on defendants' motion to compel or dismiss.

[4]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).