# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
(CHATTANOOGA COURTHOUSE)

| | | |
|---|---|---|
| DONALD DOORNBOS, FRED BAILEY and ELIZABETH BLAND, individually and on behalf of others similarly situated, | § § § § § | |
| | § | |
| Plaintiffs, | § § | Case No. 3:05-CV-00428 |
| | § | |
| v. | § § | Judge: Hon. Harry S. Mattice, Jr |
| | § | Magistrate: William B. Mitchell Carter |
| PILOT TRAVEL CENTERS LLC, a foreign corporation, PILOT CORPORATION, dba Haslam Oil Company, a foreign corporation, and DOES 1 – 20, inclusive, | § § § § § § | |
| | § | |
| Defendants. | § | |

## JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANTS

This Joint Stipulation of Settlement and Release between Plaintiffs and Defendants (hereinafter "Stipulation of Settlement" or "Settlement") is made and entered into by and between the parties in the above entitled matter, Cause No. 3:05-CV-00428 before the Honorable Judge Harry S. Mattice Jr. of the United States District Court, Eastern District of Tennessee.

THE PARTIES STIPULATE AND AGREE as follows:

1.      Defendants as referenced herein and as released in the settlement will include Pilot Travel Center LLC and Pilot Corporation (dba Haslam Oil Company and Pilot Oil Corporation) (hereinafter collectively referred to as "PTC"), their present and former parent companies, present owners, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors, and assigns, and any individual or entity which could be jointly liable with Defendants, or any of them (hereinafter "Defendants"), and their counsel of record.

2.      The settlement is for all Opt-In Plaintiffs who worked as a Travel Center Manager (also referred to as "Travel Center Co-Manager") or Restaurant Manager (also

referred to as "Restaurant Co-Manager") at any time during the three years prior to opting in to the case. It appears that this is 382 individuals. These individuals are referred to collectively as "Opt In Plaintiffs."

3.      Opt In Plaintiffs and Defendants are collectively referred to herein as "the parties."

4.      This is a collective action brought by current and former employees of Pilot Travel Centers who claim that Defendants broke the law by classifying them improperly as salaried exempt employees and by not paying Plaintiffs overtime as mandated by the Fair Labor Standards Act (FLSA). Plaintiffs work or have worked at Pilot Travel Centers around the Country.

5.      This case was originally filed in California State Court in 2003, with allegations of various state law claims in addition to FLSA claims. That case was subsequently removed to the District Court for the Southern District of California, where the parties resolved the California state claims and the Fair Labor Standards Act claims of California plaintiffs  In July 2004, the Court granted Plaintiffs' Motion to Facilitate Notice, and notice was provided nationwide to four categories of employees of Pilot. More than 550 employees and former employees of Defendants responded to the notice opting-into this lawsuit. In April 2005, the Court denied Defendants' Motion to Decertify. In August 2005 the case was transferred from California to this Court. Around the same time, Plaintiffs filed their Second Amended Complaint, setting forth a single claim for violation of section 7(a)(1) of the FLSA, 29 U.S.C. §207(a)(1).

6.      The parties undertook significant discovery and conducted numerous depositions. After discovery was complete, Defendants filed four motions for summary judgment, one for each sub-class of Plaintiffs. The sub-classes of plaintiffs were Travel General Managers, Restaurant General Managers, Travel Center Co-Managers, and Restaurant Co-Managers. On June 29, 2009, Judge Mattice issued a memorandum and order (Docket No. 146), which partially granted and partially denied Defendants' motions

for summary judgment. The Court dismissed with prejudice the claims of the Travel Center General Managers and the Restaurant General Managers. The Court did not dismiss the claims of the Travel Center Co-Managers or the Restaurant Co-Managers. Therefore, the only remaining claims, and the only claims the subject of this Settlement, are those of the Travel Center Co-Managers and Restaurant Co-Managers.

7. On August 18, 2009, the parties held a full-day mediation with the neutral mediator Hunter Hughes in Atlanta, Georgia. The parties were unable to reach a settlement on August 18, 2009 but negotiations and discussions continued through the mediator after that date. On September 8, 2009, the parties reached a settlement agreement which was signed by counsel for both parties.

8. Opt In Plaintiffs are represented in this matter by the Class Counsel of Gillespie, Rozen & Watsky P.C. and McInerney & Jones. Defendants are represented in this matter by Littler Mendelson, P.C.

9. Defendants deny any liability or wrongdoing of any kind whatsoever associated with the claims alleged in Plaintiffs' Complaint. With respect to the misclassification and overtime claims, Defendants contend, among other things, that they have complied at all times with the Fair Labor Standards Act and that the salaried co-managers qualified at all times for exempt status under Federal law. The Opt In Plaintiffs, on the other hand, believe they have filed a meritorious action and that Defendants violated Federal wage and hour laws.

10. It is the desire of the parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from or related to the claims of this case. In order to achieve a full and complete release of Defendants, and each Opt In Plaintiff acknowledges that this Stipulation of Settlement is intended to include in its effect all claims of any nature arising from or related to the claims of any nature for misclassification as exempt employees or for overtime compensation under any federal, state or local law during the time period applicable to this lawsuit.

11.     It is the intention of the parties that this Stipulation of Settlement shall constitute a full and complete settlement and release of all claims arising from or related to Opt In Plaintiffs' claims in this matter against Defendants, which release includes in its effect all entities and individuals listed in Paragraph 1 above as well as the successors and assigns of Defendants, and any individual or entity which could be jointly liable with Defendants.

12.     Counsel for the Plaintiffs have conducted a thorough investigation into the facts of this Opt-In class action case and have diligently pursued an investigation of Opt In Plaintiffs' claims against Defendants. Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement with Defendants for the consideration and on the terms set forth in this Stipulation of Settlement is fair, reasonable, and adequate and is in the best interest of the Opt In Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, the risk of trial, defenses asserted by Defendants, and numerous potential appellate issues. Defendants and Defendants' counsel also agree that the Settlement is fair and in the best interest of the Opt In Plaintiffs.

TERMS OF SETTLEMENT

In consideration of the mutual covenants, promises and agreements set forth herein, the parties agree, subject to the Court's approval, as follows:

13.     <u>Settlement Of Claims</u>:   It is agreed by and among Opt In Plaintiffs and Defendants that this case and any claims, damages, or causes of action arising out of the disputes which are the subject of this case, be settled and compromised as between the Opt In Plaintiffs and Defendants, subject to the terms and conditions set forth in this Stipulation of Settlement and the approval of the United States District Court, Eastern District of Tennessee.

14.     <u>Effective Date</u>:  The settlement distribution embodied in this Stipulation of Settlement shall become effective when all of the following events have occurred:  (i) this

Stipulation of Settlement has been executed by all parties and by counsel for the Opt In Plaintiffs and Defendants; (ii) the Court has given preliminary approval to the Stipulation Of Settlement; (iii) notice has been given to the Opt In Plaintiffs, providing them with an opportunity to submit claim forms to participate in the settlement; (iv) the Court has held a final approval hearing and entered a final order and judgment dismissing this opt-in class action case with prejudice, and approving this Stipulation of Settlement; and (v) in the event there are written objections filed prior to the final approval hearing which are not later withdrawn, the later of the following events: if no appeal is filed, then 60 days after the entry of the final order, or, if an appeal is filed, upon the final dismissal of the appeal, writ or other appellate proceeding having been filed; or any appeal, writ or other appellate proceeding opposing this Settlement. In this regard, it is the intention of the parties that the Settlement shall not become effective until the Court's order approving the Stipulation of Settlement has become completely final, and there is no further recourse by an appellant or objector who seeks to contest the Settlement.

15.    Cooperation:  The parties agree to cooperate and take all steps necessary and appropriate to dismiss this case with prejudice.

16.    Gross Settlement Amount: Defendants agrees to pay $4,250,000.00 (the "Gross Settlement Amount") to resolve the Case.  Subject to paragraph 29 hereof this is a total payout settlement and under no circumstances will any of the settlement monies revert to Defendants, unless the settlement is not finally approved by the Court.  From this Gross Settlement Amount, all claims of the Opt In Plaintiffs, costs of notice and claims administration, and class counsel's attorneys' fees and costs will be paid.  Under no condition will Defendants' liability exceed $4,250,000.00 under the settlement, with the exception of the payment of the employer's share of payroll taxes and tax-related issues and the conditions stated in paragraph 19, described below.

17.     Net Settlement Amount: The Gross Settlement Amount minus claims administration, class counsel's attorneys' fees awarded by the Court and costs awarded by the Court shall constitute the Net Settlement Amount. Of the Net Settlement Amount, 50% is allocated to wages and 50% is allocated to liquidated damages; the Defendants and Opt In Plaintiffs shall pay their own respective shares of payroll taxes; the Defendants are responsible, at their own expense, for the calculation and mailing of all tax forms, including W-2s and 1099s, to the Opt In Plaintiffs and tax authorities. Defendants agrees to not object to an application for attorney's fees so long as Plaintiffs' counsel do not seek more than 33 and 1/3% of the Gross Settlement Amount.

18.     Released Claims: The claims to be released by Opt In Plaintiffs described above as a result of the Settlement (without any need for signature of settlement agreements or releases by any Opt In Plaintiff) include all claims for unpaid wages, overtime, meal and rest periods, and benefits under the Fair Labor Standards Act, including liquidated damages and interest, through approval of the Stipulation of Settlement By The Court.  The Stipulation of Settlement will be executed by the undersigned named plaintiff and Class Counsel for Plaintiffs on behalf of the Opt-In Plaintiffs who affirm that they have the right to execute the Stipulation of Settlement on behalf of all of the Opt In Plaintiffs.  Claim forms will contain releases consistent with this paragraph, and to recover funds through the settlement, each Opt In Plaintiff must submit an executed Claim Form that includes  release language.

19.     Work Weeks: This settlement is based upon Defendants' representations regarding the number of weeks worked by the Opt In Plaintiffs.   According to Defendants, the number of work weeks through June 22, 2009 is 25,512. The parties

agree that in the event the actual weeks worked by Opt In Plaintiffs are greater by 5% than 25,512 as of June 22, 2009, the Gross Settlement Amount will be adjusted upward by the percentage that the gross workweek exceeds such number as of June 22, 2009.

20.     Weekly Amount: The Net Settlement Fund will be divided by the weeks worked by the Opt In Plaintiffs who file a valid claim to come up with a weekly amount. Each Opt In Plaintiff will be paid that weekly amount for each week that they worked during the Release Period defined below in paragraph 23.

21.     Claims Administrator: The claims administrator proposed to the court shall be Rosenthal & Company or such other administrator that the parties mutually agree upon prior to the Court's approval of the Settlement.

22.     Data from Defendants: Defendants agree to provide to Plaintiffs' counsel, and the claims administrator, within seven (7) calendar days of the Court approving the Stipulation of Settlement: (1) the name, last known address, social security number and date of birth of all Opt In Plaintiffs covered by the Stipulation of Settlement and (2) the start date and end date each Opt In Plaintiff was employed by Defendants as a Travel Center Co-manager and/or Restaurant Co-manager during the time period described in paragraph 23.

23.     Calculations by Claims Administrator, Notice, and Claim Forms: The claims administrator will calculate the number of weeks worked by each Opt In Plaintiff between the three years prior to their filing of an opt in form through the date the Court approves the Stipulation Of Settlement (the Release Period).  That number of weeks will be divided into the Net Settlement Fund to estimate the weekly amount each Opt In Plaintiff will receive for each week worked during the Release Period and be used for

notice purposes and to estimate the amount of the Net Settlement Fund that the Opt In Plaintiff will receive in the claim form. After the claim forms are received the claims administrator will calculate the amount to be paid to each Opt In Plaintiff who returned a valid claim form by taking the weeks worked during the Release Period by the Opt In Plaintiffs who returned valid claim forms and dividing that number into the Net Settlement Fund. That number will then be multiplied by the weeks worked by the Opt In Plaintiff during the Release Period to determine his/her actual share of the Net Settlement Fund. Defendants will review said information and have the right to raise disputes. Any dispute that cannot be resolved by the parties will be resolved by the Court.

        a.      <u>Resolution of Disputes Relating to Length of Time That an Opt In Plaintiff Worked in a Covered Position</u>

If an Opt In Plaintiff disputes the accuracy of Defendants' records, and the parties' counsel cannot resolve the dispute informally, the matter will be referred to the Claims Administrator. The Claims Administrator will review Defendants' records and any information or documents submitted by the Opt In Plaintiff and issue a non-appealable decision as to the dates the Class Member worked in the position of salaried manager. The Opt In Plaintiff must submit information or documents supporting his or her position to the Claims Administrator prior to the issuance of such a decision.

     24.    <u>Forms</u>: The notice, and claim form, sent to the Opt In Plaintiffs are to be agreed upon by the parties and approved by the Court. The parties have agreed upon Exhibit A as the Notice Form Re Stipulation Of Settlement ("Notice Form") to be sent to the Opt In Plaintiffs. The parties have agreed to Exhibit B as the Claim Form to be sent to Opt In Plaintiffs. The parties seek Court approval of both Exhibit A and Exhibit B.

25.   Claim Period:  There will be a forty-day claim period.  If an Opt In Plaintiff submits a valid Claim Form after the forty-day claim period, but before the final judgment is entered, the Opt In Plaintiff will be entitled to participate in the settlement and the claims administrator will recalculate the amounts to be paid out to reflect the late claim.

26.   Address Check:  The claims administrator will perform high resolution address updates; within ten days of the Court's approval of the Stipulation of Settlement, the claims administrator will mail the notice and claim form to the Opt In Plaintiffs; the Opt In Plaintiffs will have 40 days in which to postmark claim forms; the Opt In Plaintiffs will have 30 days in which to postmark any objection to the settlement.  For any notices that are sent to Opt In Plaintiffs that are returned as undeliverable the claims administrator will skip-trace the returned mail and re-mail within five days.

27.   Return Of Claim Form:  Each Opt In Plaintiff must submit a valid claim form, and execute the release consistent with paragraph 24 above before final judgment is entered in order to receive payments from this settlement.  Irrespective of whether each Opt In Plaintiff returns a claims form or is paid, the claims of all Opt In Plaintiffs will be dismissed with prejudice in the final order entered by the Court.

28.   Deficiency Notice:  The claims administrator is to send a deficiency notice to the Opt In Plaintiffs for irregularities in the completed claim form; the deficiency notice will provide the Opt In Plaintiffs no less than 15 days from the mailing of the deficiency notice to cure the deficiency, even if after the claims period.

29.   Checks:  Defendants shall cut two checks to all Opt In Plaintiffs who submit valid claim forms prior to final judgment being entered, one will be a payroll

check and the other will be a check with no deductions. The expiration date on the settlement checks will be 60 days from the date the settlement checks are issued. Defendants will provide the checks to the claims administrator for mailing. Any check issued to an Opt In Plaintiff that is not negotiated within 60 days of issuance shall be void.

30.     Timing Of Payment:  Defendants will pay Class Counsel and provide checks to the claims administrator for those Opt In Plaintiffs who file valid claims within ten days of the final order of approval of the settlement becoming a final non appealable order and judgment being entered dismissing all of  the Opt In Plaintiffs claims with prejudice.

31.     Fees To Claims Administrator:  At this time, Class Counsel estimate that the Claims Administrator Fee in this matter will be approximately $40,000 in order to administer the claims in this matter as detailed below. Should the Claims Administrator Fee in this matter cost less than this estimate, the difference shall be added to the Net Settlement Fund and distributed to the Opt In Plaintiffs accordingly.

32.     Attorneys' Fees: In consideration for settling this matter and in exchange for the release of all claims by the Opt In Plaintiffs, and subject to final approval and/or modification by the Court, Defendants agrees to pay Class Counsel attorneys' fees up to 33 and 1/3% of the Gross Settlement Amount.  If approved this attorneys' fees amount will be a total sum of One Million, Four Hundred and Sixteen Thousand, and Six Hundred and Sixty Seven Dollars ($1,416,667.00).  If approved this total will be paid in amounts specified by Plaintiff's Class Counsel and Plaintiffs' Class Counsel will inform Defendants' Counsel of the exact payment amounts within three days of approval by the Court.

33.     Costs: In consideration for settling this matter and in exchange for the release of all claims by the Opt In Plaintiffs, and subject to final approval and/or

modification by the Court, Defendants agrees to pay Class Counsel's Costs in an amount to not exceed $100,000. If approved this total will be paid in amounts specified by Plaintiff's Class Counsel and Plaintiffs' Class Counsel will inform Defendants' Counsel of the exact payment amounts within three days of approval by the Court.

34. <u>No Objection</u>: Defendants will not object to Class Counsel's application for attorneys' fees and costs up to these amounts. The attorneys' fees are to compensate Class Counsel for all the work already performed in this case, and all the work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, making sure the Settlement is fairly administered and implemented, and obtaining dismissal with prejudice of this case. Should Class Counsel request a lesser amount and/or the Court approve a lesser amount of attorneys' fees and/or costs and expenses, the difference shall be added to the Net Settlement Fund and distributed to the Opt In Plaintiffs accordingly.

35. <u>Estimated Net Settlement Amount</u>: Subject to Court approval of the above administration fees, attorneys' fees, and costs, the estimated Net Settlement Amount at this time is approximately $2,693,333.

36. <u>Estimated Payment Per Work Week</u>: Subject to Court approval of the terms and conditions of this Stipulation of Settlement and based upon a Net Settlement of $2,693,333 and 25,512 work weeks, the estimated payment under the Stipulation of Settlement per Work Week will be approximately $105.57. This estimate is subject to change depending on the total number of workweeks and the costs of administration. This number is also subject to change depending on the number of claims that are not returned by Opt In Plaintiffs.

37. <u>Duties Of The Parties Prior To Court Approval</u>: The parties shall promptly submit this Stipulation of Settlement to the United States District Court for the Eastern District of Tennessee in support of Opt In Plaintiffs' Motion for Approval and determination by the Court as to its fairness, adequacy, and reasonableness. Promptly

upon execution of this Stipulation of Settlement by way of an ex parte or regular noticed motion, the parties shall apply to the Court for the entry of an order substantially in the following form:

a. Scheduling a final approval hearing no later than _____, 2009, on the question of whether the proposed Settlement, including payment of attorneys' fees and costs should be finally approved as fair, reasonable and adequate as to the Opt In Plaintiffs;

b. Approving as to form and content the proposed Notice Form (Exhibit A);

c. Approving as to form and content the proposed Claim Form (Exhibit B);

d. Directing the mailing of the Notice Form and Claim Form by first class mail to the Opt In Plaintiffs;

e. Preliminarily approving the Stipulation of Settlement subject only to the objections of Opt In Plaintiffs and final review and approval by the Court; and

f. Preliminarily approving costs of administration payable to Rosenthal & Company, LLC, estimated not to exceed $40,000.

38. <u>Duties Of The Parties Following Final Approval</u>: Prior to the final approval hearing, Class Counsel will prepare and, after review and approval by Defendants, submit to the Court a proposed final order and judgment of dismissal with prejudice:

a. Approving the Stipulation of Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

b. Approving Class Counsel's application for an award of attorneys' fees and reimbursement of costs; and

c. Dismissing this action on the merits and with prejudice and

permanently barring and enjoining all Opt In Plaintiffs from prosecuting against Defendants, their present or former parent companies, including but not limited to, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, and successors and assigns, and any individual or entity which could be jointly liable with Defendants or any of them, any individual or class or collective claims released herein pursuant to Paragraph 18 above relating to their employment by PTC, upon satisfaction of all payments and obligations hereunder.

39.     Parties' Authority:  The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the parties hereto to the terms and conditions thereof.

40.     Mutual Full Cooperation:  The parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Stipulation of Settlement.  The parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein.  As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

41.     Agreement Not To Discourage Opt In Plaintiffs To Submit Claim Forms: Defendants and their counsel agree that they will not attempt to encourage or discourage Opt In Plaintiffs from filing Claim Forms.

42.     No Prior Assignments:  The parties and their counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any

liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

43. <u>No Admission</u>: Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants or any of them. Each of the parties hereto has entered into this Stipulation of Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

44. <u>Enforcement Actions</u>: In the event that one or more of the parties to this Stipulation of Settlement institutes any legal action or other proceeding against any other party or parties to enforce the provisions of this Stipulation of Settlement or to declare rights and/or obligations under this Stipulation of Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

45. <u>Notices</u>: Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

<u>To Plaintiff and the Settlement Class:</u>

Hal K. Gillespie, Esq.
Joseph H. Gillespie, Esq.
Gillespie, Rozen & Watsky P.C.
3402 Oak Grove Ave., Suite 200
Dallas, Texas, 75204

Kevin J. McInerney, Esq.
Kelly McInerney, Esq.
Charles A. Jones, Esq.
McInerney & Jones
18124 Wedge Parkway, Suite 503
Reno, NV 89511

To the Defendants:

Jody A. Landry, Esq.
Littler Mendelson
701 "B" Street, 13th Floor
San Diego, CA 92101


46.   Construction:   The parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the parties, and this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this Stipulation of Settlement.

47.   Captions And Interpretations:   Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof.  Each term of this Stipulation of Settlement is contractual and not merely a recital.

48.   Modification:   This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the parties hereto, and approved by the Court.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the parties hereto.

49.   Integration Clause:   This Stipulation of Settlement contains the entire agreement between the parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

50.   Binding On Assigns:   This Stipulation of Settlement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

51.   Class Counsel Signatories:   It is agreed that because the number of Opt In

Plaintiffs is so numerous, it is impossible or impractical to have each Opt In Plaintiff execute this Stipulation of Settlement. The Notice Form, Exhibit "A" hereto, will advise all Opt In Plaintiffs of the binding nature of the release, and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each Opt In Plaintiff.

52. <u>Counterparts</u>: This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all parties.

**<u>Class Representative</u>**

DATED: September ___, 2009       PLAINTIFF DAVID SEYMOUR

By: _____
     David Seymour

**<u>Class Counsel</u>**

DATED: September ___, 2009       GILLESPIE, ROZEN & WATSKY P.C.

By: _____
     Hal K. Gillespie or Joseph H. Gillespie
     Attorneys for Plaintiffs

DATED: September ___, 2009       MCINERNEY & JONES

By: _____
     Charles A. Jones
     Attorneys for Plaintiffs

[signatures continue on next page]

**Defendants**

DATED:  September ___, 2009                    PILOT TRAVEL CENTERS

                                                    By: _____
                                                            Mitchell D. Steenrod


DATED:  September ___, 2009                    PILOT CORPORATION

                                                    By: _____
                                                            J. Paul Pardue


**Defendants' Counsel**

DATED:  September ___, 2009                    LITTLER MENDELSON

                                                    By: _____
                                                            Jody A. Landry
                                                            Attorneys for Defendants

Plaintiffs is so numerous, it is impossible or impractical to have each Opt In Plaintiff execute this Stipulation of Settlement. The Notice Form, Exhibit "A" hereto, will advise all Opt In Plaintiffs of the binding nature of the release, and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each Opt In Plaintiff.

    52.    <u>Counterparts</u>: This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all parties.

**Class Representative**

DATED: September 30, 2009

PLAINTIFF DAVID SEYMOUR

By: _____
    David Seymour,

**Class Counsel**

DATED: September ___, 2009

GILLESPIE, ROZEN & WATSKY P.C.

By: _____
    Hal K. Gillespie or Joseph H. Gillespie
    Attorneys for Plaintiffs

DATED: September ___, 2009

MCINERNEY & JONES

By: _____
    Charles A. Jones
    Attorneys for Plaintiffs

[signatures continue on next page]

Plaintiffs is so numerous, it is impossible or impractical to have each Opt In Plaintiff execute this Stipulation of Settlement. The Notice Form, Exhibit "A" hereto, will advise all Opt In Plaintiffs of the binding nature of the release, and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each Opt In Plaintiff.

     52.    Counterparts:    This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all parties.

**Class Representative**

DATED: September ___, 2009

                           PLAINTIFF DAVID SEYMOUR

                           By: _____
                                 David Seymour

**Class Counsel**

DATED: ~~September~~ ___, 2009
          October 1st

                           GILLESPIE, ROZEN & WATSKY P.C.

                           By: _____
                               Hal K. Gillespie or Joseph H. Gillespie
                               Attorneys for Plaintiffs

DATED: ~~September~~ October 1st, 2009

                           MCINERNEY & JONES

                           By: _____
                               Charles A. Jones
                               Attorneys for Plaintiffs

                           [signatures continue on next page]

**Defendants**

DATED: September 3ㅇ 2009

PILOT TRAVEL CENTERS

By: _____
Mitchell D. Steenrod

DATED: September 3ㅇ 2009

PILOT CORPORATION

By: _____
J/Paul Pardue

**Defendants' Counsel**

DATED: ~~September~~ , 2009
Octn 1

LITTLER MENDELSON

By: _____
Jody A. Landry
Attorneys for Defendants

# Exhibit 1(A)

DONALD DOORNBOS, FRED BAILEY and    §
ELIZABETH BLAND, individually and on behalf of    §
others similarly situated,    §
   §
     Plaintiffs,    §
   §     Case No. 3:05-CV-00428
   v.    §
   §     Judge: Hon. Harry S. Mattice, Jr.
PILOT TRAVEL CENTERS LLC, a foreign corporation,    §     Magistrate: William B. Mitchell Carter
PILOT CORPORATION, dba Haslam Oil Company, a    §
foreign corporation, and DOES 1 – 20, inclusive,    §
   §
     Defendants.    §

ATTENTION: ALL PERSONS WHO HAVE OPTED IN TO THE CLASS ACTION LITIGATION OF DOORNBOS ET AL. V. PILOT TRAVEL CENTERS LLC AND WHO WERE EMPLOYED AT ANY TIME FROM THREE YEARS PRIOR TO THEIR OPTING INTO THIS CASE (WHICH IN NO EVENT IS EARLIER THAN SEPTEMBER 30, 2001) TO _____, AND ARE OR WERE EMPLOYED BY DEFENDANTS AS SALARIED TRAVEL CENTER CO-MANAGERS, RESTAURANT CO-MANAGERS, OPERATIONS MANAGERS, SALES MANAGERS, GUEST SERVICES MANAGERS, FINANCE EXCELLENCE MANAGERS, SERVICE EXCELLENCE MANAGERS, OR HUMAN RESOURCES MANAGERS AT ANY CURRENT OR FORMER PILOT TRAVEL CENTER LOCATION OUTSIDE THE STATE OF CALIFORNIA.

PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF OPT-IN CLASS ACTION LITIGATION. IF YOU ARE AN OPT-IN PLAINTIFF, IT CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHT TO MAKE A CLAIM FOR PAYMENT OR TO ELECT NOT TO BE INCLUDED IN THE CLASS AS FURTHER DESCRIBED BELOW.

THIS NOTICE REQUESTS THAT YOU SUBMIT A CLAIM FORM ON OR BEFORE _____, 2009, IF YOU ARE TO RECEIVE PAYMENT FOR YOUR SHARE OF THE SETTLEMENT, OR IF YOU DO NOT AGREE TO THE TERMS OF THE SETTLEMENT THAT YOU SUBMIT AN OBJECTION ON OR BEFORE _____, 2009.

**IF YOU SUBMIT A CLAIM FORM WHICH IS NOT POSTMARKED BY _____, 2009, OR IF YOU SUBMIT A CLAIM FORM WHICH IS NOT COMPLETELY FILLED OUT, YOU WILL NOT RECEIVE ANY PAYMENT, BUT YOU WILL BE BOUND BY THE CLASS RELEASE AND ALL OTHER SETTLEMENT TERMS.**

**IF YOU SUBMIT AN OBJECTION WHICH IS NOT POSTMARKED BY _____, 2009, YOUR OBJECTION WILL BE REJECTED AND YOU WILL BE BOUND BY THE CLASS RELEASE AND ALL OTHER SETTLEMENT TERMS. ANY OBJECTION THAT IS FILED WILL BE DECIDED BY THE COURT.**

Pursuant to the Order of the United States District Court, Eastern District of Tennessee entered _____, 2009, YOU ARE HEREBY NOTIFIED AS FOLLOWS: A settlement has been reached between the parties in the above-captioned lawsuit pending in the United States District Court, Eastern District of Tennessee on behalf of all individuals who are in this class action who were employed by Defendants Pilot Corporation or Pilot Travel Centers (hereinafter jointly referred to as "Pilot Travel Centers" or "Defendants") outside of California as a salaried Travel Center Co-Manager, Restaurant Co-Manager, Operations Manager, Sales Manager, Guest Services Manager, Finance Excellence Manager, Service Excellence Manager or Human Resources Manager between three years prior to the time they opted in to this case (which in no event is earlier than September 30, 2001) and _____, 2009.

## 1. WHY HAVE YOU RECEIVED THIS NOTICE?

You have received this Notice because you filed an opt in form to join this case and because Pilot Travel Centers' records indicate that you worked as a salaried manager in one of the above listed positions outside of California within the applicable time period. This Notice is designed to advise you of how you can participate in this Settlement and, alternatively, how you can be excluded from the Settlement.

## 2. HISTORY OF THE LITIGATION

This is a collective action brought by current and former employees of Pilot Travel Centers who claim that Defendants broke the law by classifying them improperly as salaried exempt employees and by not paying Plaintiffs overtime as mandated by the Fair Labor Standards Act (FLSA). Plaintiffs work or have worked at Pilot Travel Centers around the country. This case was originally filed in California State Court in 2003, with allegations of various state law claims in addition to FLSA claims. That

case was subsequently removed to the District Court for the Southern District of California, where the parties resolved the California state claims. In July 2004, the Court granted Plaintiffs' Motion to Facilitate Notice, and notice was provided nationwide to four categories of employees of Pilot. More than 550 employees and former employees of Pilot responded to the notice opting-in to this lawsuit. In April 2005, the Court denied Plaintiffs' Motion to Decertify. In August 2005 the case was transferred from California to this Court. Around the same time, Plaintiffs filed their Second Amended Complaint, setting forth a single claim for violation of section 7(a)(1) of the FLSA, 29 U.S.C. §207(a)(1).

The parties undertook significant discovery and conducted numerous depositions. After discovery was complete, Defendants filed four motions for summary judgment, one for each sub-class of Plaintiffs. The sub-classes of Plaintiffs were Travel General Managers, Restaurant General Managers, Travel Center Co-Managers, and Restaurant Co-Managers. On June 29, 2009, Judge Mattice issued a memorandum and order (Docket No. 146), which partially granted and partially denied Defendants' motions for summary judgment. The Court dismissed with prejudice the claims of the Travel Center General Managers and the Restaurant General Managers. The Court did not dismiss the claims of the Travel Center Co-Managers or the Restaurant Co-Managers. Therefore, the only remaining claims, and the only claims the subject of this Settlement, are those of the Travel Center Co-Managers and Restaurant Co-Managers (which at times used different job titles that are listed above).

On August 18, 2009, the parties held a full-day mediation with the neutral mediator Hunter Hughes in Atlanta, Georgia. The parties were unable to reach a settlement on August 18, 2009 but negotiations and discussions continued through the mediator after that date. On September 8, 2009, the parties reached a settlement agreement which was signed by counsel for both parties. Defendants did not admit any liability as part of the settlement.

Defendants agree to pay $4,250,000.00 (the "Gross Settlement Amount") to resolve the Case. This is a total payout settlement and under no circumstances will any of the settlement monies revert to Defendants, unless the settlement is not finally approved by the Court or checks are not timely cashed. From this Gross Settlement Amount, all claims of the Opt-In Plaintiffs, costs of notice and claims administration, and class counsel's attorneys' fees and costs will be paid. Under no condition will Defendants' liability exceed $4,250,000.00 under the settlement, with the exception of the payment of the employer's share of payroll taxes and tax-related issues and the conditions stated below.

The Court has granted preliminary approval to a Joint Stipulation of Settlement, which has been signed by the parties. The Settlement Class consists of all Opt-In Plaintiffs who worked in one of the positions listed above at any time during the three years prior to opting in to the case. These individuals are referred to collectively as "Opt-In Plaintiffs" or "Settlement Class."

If you are a part of the Settlement Class, you have the opportunity to participate in the Settlement.

3. **SUMMARY OF THE PROPOSED SETTLEMENT**

   A. **Settlement Formula**

   Defendants will pay settlement awards to each Opt-In Plaintiff who submits a valid and timely Claim Form. All Claim Forms must be signed under penalty of perjury and completed in their entirety to be considered valid.

   Settlement awards will be paid out of the Net Settlement Fund. Based on information to be provided by Defendants, the Claims Administrator will calculate the total number of work weeks claimed by all Opt-In Plaintiffs who submit valid and timely Claim Forms. The Claims Administrator will then divide this total number of work weeks into the Net Settlement Fund. This will yield the amount to be paid per week worked during the Class Period to Opt-In Plaintiffs who submit valid and timely Claim Forms. Opt-In Plaintiffs who file valid and timely claims will be paid settlement awards based on the number of work weeks they worked during the Class Period as calculated by the Claims Administrator. Under the proposed Settlement, Opt-In Plaintiffs will receive a <u>minimum</u> of $105.00 per week worked if they submit timely Claim Forms. This amount can increase if not all persons eligible submit claims or the Court does not award the fees, costs, and/or administration fees requested.

   All Claim Forms must be signed under penalty of perjury and completed in their entirety to be considered valid.

   B. **Calculations To Be Based on Defendants' Records**

   For each Opt-In Plaintiff submitting a timely and valid claim, the amount payable to the Opt-In Plaintiff will be calculated by the Claims Administrator from Defendants' records. Defendants' records will be presumed correct with respect to the dates worked in the position of salaried manager that is covered by the Settlement. An Opt-In Plaintiff may challenge the employment dates. If an Opt-In Plaintiff disputes the accuracy of Defendants' records, and the dispute cannot be resolved informally, the dispute will be resolved as described in Section D below.

   C. **Release**

   The Joint Stipulation of Settlement and Release between Plaintiffs and Defendants contains a release of Pilot Travel Centers, LLC and Pilot Corporation. Plaintiffs and all Opt-In Plaintiffs who do not object to this Settlement release Defendants, their present and former parent companies, owners, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Defendants or any of them, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action for, or which relate to, the misclassification of Opt-In Plaintiffs as exempt

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND HEARING DATE FOR COURT APPROVAL

employees under any federal, state, or local law, the nonpayment of overtime under the Fair Labor Standards Act, including claims for missed meals and rest periods, and any other claims alleged in this case, including without limitation all claims for restitution and other equitable relief, liquidated damages, interest, attorneys' fees and costs, from September 30, 2001 until _____, 2009 arising from employment by Defendants outside of California.

**D.  Resolution of Disputes**

If an Opt-In Plaintiff disputes the accuracy of Defendants' records as to the dates he or she worked for Pilot Travel Centers outside of California as a salaried co-manager in one of the positions listed above, during the Class Period, the Opt-In Plaintiff must submit information in writing and/or supporting documents supporting his or her position to the Claims Administrator at the same time he or she postmarks and mails his or her Claim Form to the Claims Administrator. The parties will attempt to resolve the matter informally, but if they cannot do so, the Claims Administrator will review Defendants' records and any written information or documents submitted by the Opt-In Plaintiff, and issue a non-appealable decision as to the dates the Opt-In Plaintiff worked in the position of a salaried store co-manager.

**E.  Attorneys' Fees**

In consideration for settling this matter and in exchange for the release by the Opt-In Plaintiffs, Defendants agree to pay attorneys' fees, out of the Gross Settlement Fund, in an amount to be set by the Court up to a maximum of thirty-three and 1/3 percent (33 and 1/3%) of the Gross Settlement Fund, which is One Million, Four Hundred Sixteen Thousand, Six Hundred and Sixty Seven Dollars ($1,416,667.00). In addition, Defendants agree to pay out of the Gross Settlement Fund an amount to be set by the Court up to a maximum of One Hundred Thousand Dollars ($100,000.00) for attorneys' costs and expenses incurred in prosecuting this action. All attorneys for the parties to this action believe the amount for attorneys' fees, costs and service payments to be requested are fair and reasonable. The Opt-In Plaintiff Representative and Class Counsel support this Settlement. Among the reasons for support are the complete defenses to liability potentially available to Defendants, the inherent risk of trial on the merits, and the delays associated with litigation and appeals.

**F.  Claims Administrator**

Rosenthal & Company LLC will receive a maximum payment of Forty Thousand Dollars ($40,000.00) out of the Gross Settlement Fund for handling the claims administration.

**4.   WHAT ARE YOUR RIGHTS AS AN OPT-IN PLAINTIFF?**

**A.  Submitting a Claim**

Anyone who wishes to submit a claim must complete it in its entirety, sign the Claim Form and return it, by First-Class U.S. Mail, to:

Pilot Travel Centers Claims Administrator
c/o Rosenthal & Company LLC
P.O. Box 6177
Novato, CA  94948-6177
Telephone:  1-800-207-0343

The Claim Form must be postmarked no later than _____, 2009. **If your Claim Form is not postmarked by _____, 2009, you will not receive any payment, but you will be bound by the Class Release and all other Settlement Terms. If the Claim Form is sent from within the United States, it must be sent through the United States Postal Service by First-Class U.S. Mail or the equivalent. It is strongly suggested, although not required, that you receive confirmation of your mailing by mailing your Claim Form via Certified Mail, Return Receipt Requested.** Do not use a postage meter because that may not result in a postmark appearing on the envelope containing your Claim Form. If you lose, misplace, or need another Claim Form or a Request for Exclusion Form, you should contact the Claims Administrator.

Federal law protects Opt-In Plaintiffs from retaliation based on their decision to participate in a class action settlement.

**B.  Objection to Settlement**

You can object to the terms of the Settlement before final approval. However, if the Court rejects your objection, you will still be bound by the terms of the Settlement unless the Court approves your objection. To object to the Settlement, you must file a written objection and a notice of intention to appear at the final approval hearing currently set for _____, 2009, at _____ a.m. in Courtroom 1a, with the Clerk of the United States District Court, Eastern District of Tennessee, 900 Georgia Avenue, Room 309, Chattanooga, TN 37402 and send copies to the following:

| CLASS COUNSEL: | | DEFENDANTS' COUNSEL: |
|---|---|---|
| Joseph H. Gillespie, Esq. | Charles A. Jones, Esq. | Jody Landry, Esq. |
| Hal K. Gillespie, Esq. | McInerney & Jones | Littler Mendelson |
| 3402 Oak Grove Ave., Suite 200 | 18124 Wedge Parkway, #503 | 701 "B" Street, 13th Floor |
| Dallas, TX  75204 | Reno, NV  89511 | San Diego, CA  92101 |
| Phone:  (214) 720-2009 | Phone:  (775) 849-3811 | Phone:  (619) 232-0441 |
| Fax:  (214) 720-2291 | Fax:  (775) 849-3866 | Fax:  (619) 232-4302 |

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND HEARING DATE FOR COURT APPROVAL

Any written objections must state specific reasons in support of your objection and any legal support for each objection. Your objection must also state your full name, address, date of birth, and the dates of your employment with Pilot Travel Centers or Pilot Corporation. To be valid and effective, any objections to approval of the Settlement must be filed with the Clerk of the Court and sent to each of the above-listed attorneys no later than _____, 2009. **DO NOT TELEPHONE THE COURT.**

If you choose to file an objection to the terms of this Settlement, you may enter an appearance in propria persona (meaning you choose to represent yourself) or you may hire a separate attorney. To represent yourself or to hire a new attorney, you must file an Entry of Appearance with the Clerk of the United States District Court, Eastern District of Tennessee and send copies to each of the attorneys listed above. Such Entry of Appearance must be filed with the Court and delivered to the above attorneys no later than _____, 2009. You will then continue as an Opt-In Plaintiff either in propria persona or with representation by your new attorney, and you will be solely responsible for the fees and costs of your new attorney. The final approval hearing at which the Court will be asked to approve the Settlement will be at _____ a.m. (Eastern Time) on _____, 2009, in Courtroom 1a of the United States District Court, Eastern District of Tennessee, 900 Georgia Avenue, Chattanooga, TN 37402 or such other later date as the Court may authorize.

**IF YOU INTEND TO OBJECT TO THE SETTLEMENT, BUT WISH TO RECEIVE YOUR SHARE OF THE SETTLEMENT FUNDS, YOU MUST TIMELY FILE YOUR CLAIM AS STATED ABOVE. IF THE COURT APPROVES THE SETTLEMENT DESPITE ANY OBJECTIONS, AND YOU DO NOT HAVE A CLAIM FORM ON FILE, YOU WILL NOT RECEIVE ANY SETTLEMENT PROCEEDS.**

5. **EFFECT OF THE SETTLEMENT**

   A. **Released Rights and Claims**

   The Settlement is intended to settle all actions or causes of action which relate to the alleged misclassification of Opt-In Plaintiffs as exempt from overtime under federal law, claims for the nonpayment of overtime under any federal law, meal and rest periods, interest, punitive damages and all claims against Defendants that Opt-In Plaintiffs have asserted in this case regarding the alleged violations by Defendants of federal wage and hour laws, including the Fair Labor Standards Act from September 30, 2001 through _____, 2009. The release will extend to Defendants, their present and former parent companies, owners, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Defendants or any of them. The released rights and claims and released parties are more fully described above in Section 3.C. of this Notice. If you were employed by Pilot Travel Centers as a salaried Travel Center Co-Manager, Restaurant Co-Manager, Operations Manager, Sales Manager, Guest Services Manager, Finance Excellence Manager, Service Excellence Manager or Human Resources Manager outside of California between three years before opting in to this case (which in no event is earlier than September 30, 2001) and _____, 2009, and do not timely object or submit a compliant Claim Form, you will be deemed to have entered into this release and to have released the above-described claims even if you do not submit a Claim Form. In addition, you will be barred from ever suing Defendants for the claims released. If settlement is not approved by the Court, or does not become final for some other reason, litigation will continue.

6. **FINAL SETTLEMENT APPROVAL HEARING**

   The Court will hold a hearing in Courtroom 1a of the United States District Court, Eastern District of Tennessee, 900 Georgia Avenue, Chattanooga, TN 37402 or such other later date as the Court may authorize to determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court also will be asked to approve Class Counsels' request for attorneys' fees, reimbursement of costs, and the fee to the Claims Administrator. Class Counsels' application for attorneys' fees and reimbursement of costs will be on file with the Court no later than _____, 2009, and will be available for review after that date. Class Counsel are seeking approval of a total of not more than 33 and 1/3 percent of the Settlement, which is One Million, Four Hundred Sixteen Thousand, Six Hundred and Sixty Seven Dollars ($1,416,667.00), as well as up to One Hundred Thousand Dollars ($100,000.00) in costs incurred.

   The hearing may be continued without further notice to the Settlement Class. **It is not necessary for you to appear at this hearing unless you wish to argue an objection.**

7. **ADDITIONAL INFORMATION**

   The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you may consult the "Joint Stipulation of Settlement" which is on file with the Clerk of the Court. The pleadings and other records in this litigation, including that stipulation, may be examined at any time during regular business hours at the Office of the Clerk of the United States District Court, Eastern District of Tennessee, 900 Georgia Avenue, Room 309, Chattanooga, TN 37402.

   **PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK**
   **FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS!**

   BY ORDER OF THE UNITED STATES DISTRICT COURT

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND HEARING DATE FOR COURT APPROVAL

**REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS**!

BY ORDER OF THE UNITED STATES DISTRICT COURT

Firmwide:92129127.1 043135.1015

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND HEARING DATE FOR COURT APPROVAL

# Exhibit 1(B)

**Pilot Travel Centers Claims Administrator**
c/o Rosenthal & Company LLC
P.O. Box 6177
Novato, CA  94948-6177
1-800-207-0343

UNITED STATES DISTRICT COURT, EASTERN DISTRICT
OF TENNESSEE, CASE NO. 3:05-CV-00428
DOORNBOS ET AL. v. PILOT TRAVEL CENTERS LLC

# CLAIM FORM

‖‖‖

» Claim #: PTT-«Claim»-«CD»-«Seq»     «MailRec»Name/Address Changes (if any):

«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «ST» «Zip» «Country»

First Name _____ Last Name _____

Address _____

City _____ , State _____ Zip _____

If your current name or address is different from above, please type or print the corrections
on the lines at the above right.  Please also type or print the following identifying information below.

_____   ( _____ ) _____
Former Names (if any, i.e., maiden name)       Area Code        Daytime Telephone

Email address: _____   ( _____ ) _____
                                                Area Code        Evening Telephone

### YOU MUST COMPLETE THIS FORM
### TO BE ELIGIBLE FOR A MONETARY RECOVERY

### INCOMPLETE AND/OR UNTIMELY CLAIM FORMS WILL BE REJECTED

TO BE ELIGIBLE TO RECEIVE A MONETARY RECOVERY, YOU MUST **COMPLETE**, **SIGN** AND **MAIL** THIS CLAIM
FORM BY FIRST-CLASS U.S. MAIL, OR THE EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE
_____**, 2009**, AND ADDRESSED AS FOLLOWS:

Pilot Travel Centers Claims Administrator
c/o Rosenthal & Company LLC
P.O. Box 6177
Novato, CA  94948-6177

**WE STRONGLY SUGGEST YOU SEND IN YOUR CLAIM FORM BY SOME METHOD BY WHICH YOU RECEIVE
PROOF OF MAILING, I.E., CERTIFIED MAIL, RETURN RECEIPT REQUESTED.**

**INSTRUCTIONS:**

1.  Please complete, sign and mail this Claim Form in order to be eligible for a monetary recovery.  Your Claim Form must be
    postmarked on or before the date stated above, or it will be rejected.  Although not required, we strongly suggest you receive
    confirmation of the mailing of your Claim Form by mailing it via Certified Mail, Return Receipt Requested.  Your Claim Form
    must be filled out completely, or it will be rejected.

2.  If you move, please send the Claims Administrator your new address.  It is your responsibility to keep a current address on file
    with the Claims Administrator.

3.  According to Pilot Travel Centers' ("Pilot") records, you were employed as a salaried manager in a Travel Center in one or more
    of the following positions:  Travel Center Co-Manager, Restaurant Co-Manager, Operations Manager, Sales Manager, Guest
    Service Manager, Finance Excellence Manager, Service Excellence Manager or Human Resources Manager during the Class
    Period (which is three years prior to the time you opted in to this case and the date the Court approved the Stipulation of
    Settlement) as follows:

| Start Date | | End Date |
|---|---|---|
| «StartDate1» | to | «EndDate1» |
| «StartDate2» | to | «EndDate2» |
| «StartDate3» | to | «EndDate3» |

**Please complete the IRS Substitute Form W-9 on page 2 then date and sign the Claim Form.**  PTT_POC_091027_Draft

4. Pilot's records indicate that you worked as a salaried manager during the class period for the following number of weeks:  «WorkWeeks»

   Your gross pre-tax award based on these weeks is estimated to be  $ «Award»

5. If you disagree with Pilot's records, please state the dates you believe you were employed as a salaried store manager in Travel Centers in one of the positions listed above in paragraph 3 during the Class Period. Keep in mind that Travel Center General Managers and Restaurant General Managers are not entitled to participate in the settlement:

   _____  to  _____

   _____  to  _____

   _____  to  _____

   If the dates you believe you were employed as a salaried manager, in one of the positions listed above, during the Class Period, differ from the information contained in Pilot's records, Pilot's records will control unless you are able to provide documentation (such as pay stubs) or written information that establishes otherwise. Please submit any documentation directly to the Claims Administrator, at the address stated above, at the same time you postmark and mail your Claim Form to the Claims Administrator. If there is still a dispute as to your dates of employment after you submit your documentation, and the dispute cannot be resolved informally, the dispute will be settled by the Claims Administrator as described in the Notice of Pendency of Class Action that accompanies this Claim Form.

6. Pilot is responsible for cutting payroll checks to pay the obligations of the Class Members. The expiration date on the settlement checks will be sixty (60) days from the date the settlement checks are issued. **If you do not cash or deposit your settlement check within sixty (60) days of its issuance, it will be void.**

---

**Taxpayer Identification Number Certification - Substitute IRS Form W-9**                «ClaimID»

Enter your Social Security Number:   ___  ___  ___  --  ___  ___  --  ___  ___  ___  ___

Print name as shown on your income tax return if different from «First1» «Last1»:

   First Name _____   Last Name _____

Under penalties of perjury, I certify that:

1. The taxpayer identification number shown on this form is my correct taxpayer identification number, **and**

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3. I am a U.S. person (including a U.S. resident alien).

Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

---

In consideration for my participation in the Settlement, my signature below constitutes a full and complete release by me of Defendants Pilot Travel Centers LLC and Pilot Corporation and their present and former parent companies, present owners, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Defendants or any of them, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action for, or which relate to, all claims for unpaid wages, overtime, meal and rest periods, and benefits under the Fair Labor Standards Act, including liquidated damages and interest from three years prior to your opting in to this matter until _____ arising from employment by Defendants.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____          _____
                 (Sign your name here)                                  (Date) (mm/dd/yyyy)

# Exhibit 2

Home     Claims We Handle     Your Rights     Attorneys     Contact Us     Location

# Gillespie, Rozen & Watsky P.C.



3402 Oak Grove Ave.
Suite 200
Dallas, TX 75204

Tel: 214-720-2009
Metro: 972-988-3357
Fax: 214-720-2291
Toll Free: 866-302-LEGAL





**Hal K. Gillespie**
Shareholder
hkg@grwlawfirm.com

**Practice Areas:**
Mr. Gillespie represents individual clients, corporate executives and unions in arbitration, mediation, civil trials, and appeals involving discharge, discrimination, sexual harassment, and employment matters. Mr. Gillespie has obtained numerous verdicts and settlements in excess of one million dollars for his clients. He was recently the lead counsel in one of the first Sarbanes-Oxley whistleblower lawsuits in the country. He has tried many major jury trials involving employment law, including claims of age discrimination, race and national origin discrimination, tortious interference with contract, defamation, sex discrimination, sexual harassment, retaliation, disability discrimination, and breach of employment contracts.

**Bio and Honors:**
Hal Gillespie is a shareholder in the law firm of Gillespie, Rozen & Watsky, P.C. in Dallas, Texas. Gillespie has been rated one of the top 100 Texas Super Lawyers since 2003. In 2007 Gillespie was listed as the "Go-To Lawyer" in Texas in the area of Labor and Employment Law. Mr. Gillespie has been named as among the best 500 attorneys in the United States by Lawdragon.com. Hal Gillespie is "AV" rated in Martindale-Hubbell. Since 1972 Mr. Gillespie has been engaged in extensive federal and state court trial

and appellate practice.

Mr. Gillespie is the past Chairman of the Dallas Bar Association Labor and Employment Law Section. He is currently serving on the Court Advisory Committee for the Northern District of Texas. He is past President of the North Texas Chapter of the Industrial Relations Research Association and a member of the National Employment Lawyers Association (NELA) and the Board of Directors of its Dallas-Fort Worth Chapter. Mr. Gillespie is a co-founding and active member of the Texas Employment Lawyers Association (TELA). Mr. Gillespie is a member of the Lawyers Coordinating Committee of the AFL-CIO. He is a member of the College of Labor and Employment Lawyers. He is a member of the American Board of Trial Advocates and a Fellow in the College of Labor and Employment Lawyers.

**Texas Board Certification – Specialization**
Hal Gillespie is board certified in labor and employment law by the Texas Board of Legal Specialization.

**Admitted:**
State Bar of Texas, 1972
U.S. Dist. Court, Northern Dist. of Texas, 1972
U.S. Court of Military Appeals, 1973
U.S. Dist. Court, Western Dist. of Texas, 1974
U.S. Court of Appeals, Fifth Circuit, 1976
U.S. Dist. Court, Eastern Dist. of Texas, 1976
U.S. Supreme Court, 1977
U.S. Court of Appeals, Tenth Circuit, 1977
U.S. Court of Appeals, Eleventh Circuit, 1981
U.S. Court of Appeals, Federal Circuit, 1985
U.S. District Court, Southern Dist. of Texas, 1997
U.S. District Court, Western Dist. of Oklahoma, 2004
U.S. Court of Appeals, Dist. of Columbia Circuit, 2005

**Education:**
Mr. Gillespie graduated from the University of Texas at Austin with a B.A. Degree with Honors in 1969. He served as an associate editor on the Texas Law Review and is a 1972 honor graduate of the University of Texas School of Law.

**Presentations:**
Mr. Gillespie has presented numerous papers and speeches regarding Employment and Labor Law and Trial Advocacy. An abbreviated listing of recent presentations includes:

Annual Update of New Developments in Labor and Employment Law to Dallas Bar Association; given with co-presenter Mark Shank annually since 2000;

The Curse of Summary Judgment (and How to Deal with It); 2002 Presentation at University of Texas School of Law;

Using Themes and Stories to Win Your Employment Law Trials; 2002 Thirteenth Annual Convention of National Employment Lawyers Association, Lake Buena Vista, FL;

An Overview of Sexual Harassment Law; a presentation for the Hawaii State Bar Association of Employment & Labor Law & ADR Seminar, 2002;

Top Ten Plaintiffs Lawyers Tips for Winning Employment Law Trials; State Bar of Texas Advanced Employment Law Course – February 20-21, 2003, Houston, Texas;

Using Themes and Stories to Win Your Employment Law Trials; 20th Annual Upper Midwest Employment Law Institute, Minnesota, May 28 & 29, 2003;

Beyond Scrapes & Bruises: Emotional Distress Damages – Proving What Can't Be Seen; 2004 National Employment Lawyers Association annual Convention, San Antonio, Texas, June 25, 2004.

How to Choose an Arbitrator; a presentation for the Southwest Region of the National Academy of Arbitrators and the North Texas Chapter of the Industrial Research Relations Association, Dallas, Texas, April 8, 2005

Mock Trial of Employment Law Matter; Texas Employment Relations Symposium, Westin Riverwalk Hotel, San Antonio, Texas, July 27-28, 2006

ABA Labor and Employment Law Conference, the "How to Do It Right" Track, Witness Interviews and Evaluation of Evidence, November 8, 2007

Trial Advocacy for the Plaintiff's Employment Lawyer, Overview of Direct Examination Techniques, March 7, 2008

©2009 Gillespie, Rozen & Watsky P.C.  All rights reserved.  Gillespie, Rozen & Watsky P.C. owns all intellectual property rights, including all copyrights, in and related to the content and design of this site and the organization of the information contained in this site.

Disclaimer: This website is made available by Gillespie, Rozen & Watsky P.C. for educational purposes only as well as to give you general information and a general understanding of the the law, not to provide specific legal advice.  By using this website, you understand that there is no attorney client relationship between you and the website publisher.  Communication by you (via email, facsimile, or telephone) does not create an attorney client relationship.  This website should not be used as a substitute for competent legal advice from a licensed professional attorney in your state.

Home    Claims We Handle    Your Rights    Attorneys    Contact Us    Location

Hal Gillespie    Yona Rozen    David Watsky    Cheryl Drazin    Joseph Gillespie
M. Jeanette Fedele    James Sanford    Edith Thomas    Christa Boyd-Nafstad    Tiffany C. Alvoid

GRW Intake Form - .pdf Version    GRW Intake Form - .doc Version

# Gillespie, Rozen & Watsky P.C.



3402 Oak Grove Ave.
Suite 200
Dallas, TX 75204

Tel: 214-720-2009
Metro: 972-988-3357
Fax: 214-720-2291
Toll Free: 866-302-LEGAL



**Joseph H. Gillespie**
Shareholder
josephgillespie@grwlawfirm.com

**Practice Areas:** Joe Gillespie's practice focuses on labor and employment litigation and the representation of plaintiffs in state and federal court, appellate courts, and federal and state agencies. Joe has successfully represented individuals, unions, and class action groups in cases involving wrongful termination, discrimination, retaliation, fraud, breach of contract, overtime, and grievance proceedings.

**Texas Board Certification – Specialization**
Certified in Labor and Employment Law by the Texas Board of Legal Specialization since December 31, 2007

**Admitted:** Admitted to the Texas State Bar in November 2002
Admitted to U.S. District Court, Northern District of Texas in November 2002
Admitted to U.S. District Court, Southern District of Texas in January 2003
Admitted to U.S. District Court, Western District of Texas in January 2003
Admitted to U.S. District Court, Eastern District of Texas in September 2003
Admitted to U.S. Court of Appeals, Fifth Circuit, in December 2003
Admitted to U.S. Supreme Court, April 2009

**Education:** University of Texas at Austin (B.A., 1999; J.D., 2002)

**Memberships:** State Bar of Texas;
Dallas Bar Association: Labor and Employment Law Section;
Dallas Association of Young Lawyers;
National Employment Lawyers Association (NELA);
Texas Employment Lawyers Association (TELA);
Dallas-Fort Worth National Employment Lawyers Association (DFW-NELA);
William "Mac" Taylor American Inn of Court, Dallas, Texas; and American Bar Association

**Honors:** Named as a "Rising Star" by Texas Monthly and Law & Politics, April 2007,
April 2008, and April 2009.

©2009 Gillespie, Rozen & Watsky P.C.  All rights reserved.  Gillespie, Rozen & Watsky P.C. owns all intellectual property rights, including all copyrights, in and related to the content and design of this site and the organization of the information contained in this site.

Disclaimer: This website is made available by Gillespie, Rozen & Watsky P.C. for educational purposes only as well as to give you general information and a general understanding of the the law, not to provide specific legal advice.  By using this website, you understand that there is no attorney client relationship between you and the website publisher.  Communication by you (via email, facsimile, or telephone) does not create an attorney client relationship.  This website should not be used as a substitute for competent legal advice from a licensed professional attorney in your state.

Home    Claims We Handle    Your Rights    Attorneys    Contact Us    Location

Hal Gillespie    Yona Rozen    David Watsky    Cheryl Drazin    Joseph Gillespie
M. Jeanette Fedele    James Sanford    Edith Thomas    Christa Boyd-Nafstad    Tiffany C. Alvoid

GRW Intake Form - .pdf Version    GRW Intake Form - .doc Version

# Exhibit 3

  

LITTLER BLOGS

OFFICES
CLIENT LOGIN
ALUMNI LOGIN
CONTACT US
SITE MAP

Search [Go]

About Littler    Our People    Practice Areas    Compliance Training    Press & Publications    Events    Careers

Search Attorneys

### RELATED

**ASAPs**

Employer's Right to Settle Disputed Claims with Individual Employees Affirmed

Effective January 1, 2003, California Will Have Its Own WARN Law That Imposes Notice and Documentation Requirements That Differ in a Number of Respects From Its Existing Federal Law Counterpart

## Our People

 print

### Jody Landry



San Diego
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
Telephone: (619) 232-0441
Fax: (619) 232-4302
Email: JLandry@littler.com

 Add to my Outlook Contacts

### Emphasis

Wage and Hour Issues and Wage and Hour Class Action Litigation
Wrongful Discharge Litigation
Discrimination/Sex Harassment Litigation
Human Resources/Personnel Advice
Pregnancy/Family Leave
ADA Issues

### Biography

In her practice, Ms. Landry handles employment litigation matters of a broad variety, both single plaintiff and class actions. The lawsuits generally stem from claims of overtime misclassification, failure to provide meal/rest breaks, wrongful termination, sexual harassment or employment discrimination and other wage and hour violations. Ms. Landry handles administrative matters before the California's Division of Labor Standards Enforcement and the Department of Fair Employment and Housing. She also spends a great deal of time advising and counseling clients on various personnel issues, including handbooks, discipline, termination, wage and hour matters, layoffs, pregnancy leave, family/medical leave and employment benefits.

### Education

J.D., University of San Diego School of Law, *magna cum laude* , 1986
Member of the University of *San Diego Law Review*

B.A., Pacific Union College, 1983

### Representative Clients

Callaway Golf Company, Sears, Roebuck & Company, Office Depot,



Limited Too and Jeld-Wen

## Activities

California State Bar

## Cases/Courts/Judges

*Williams v. Sears, Roebuck & Co* (Los Angeles Superior Court):
Defense jury verdict in race discrimination/wrongful termination
action.

*Hanson v. USProtect Corporation* (San Diego Superior Court):
Defeated class certification on alleged missed meal period claims.

*Haley v. World Savings* : (American Arbitration Association):
Defense verdict in sexual harassment matter.

*Lee v. Jeld-Wen & International Wood Products* : (San Diego
Superior Court):  Defense jury verdict in disability discrimination
action.

*Loughran-Smith v. Patterson Dental Supply* : (San Diego Superior
Court):  Defense jury verdict in sexual harassment, retaliation and
overtime pay action.

TERMS OF USE                                                    HOME | SITE MAP | SEARCH

© 2009 Littler Mendelson P.C. Employment and Labor Law Solutions Worldwide™   Attorney Advertising.  Prior results do not guarantee a similar outcome.

Case 3:05-cv-00428   Document 162-1   Filed 10/27/09   Page 39 of 39